UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HILTON D.,

      Plaintiff,

 v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No. 3:22-cv-05977-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

  Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. Proc. 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 6. Plaintiff challenges the ALJ's decision finding plaintiff not disabled. Dkt. 1, Complaint.

  Plaintiff filed his application for SSI and DIB on October 12, 2020. AR 13, 208–22. He asserted July 1, 2020, as the date of disability onset. *Id.* He is insured for DIB through the end of 2025. AR 13. The hearing before the ALJ was held by phone on December 16, 2021. AR 31–68. The ALJ found plaintiff had the following severe impairments: relapsing-remitting Multiple Sclerosis (MS) and cervical degenerative disc disease. AR 16.

  The ALJ posed hypothetical questions to the Vocational Expert (VE) (AR 61–67)

and based on the VE's testimony, the ALJ found plaintiff had the Residual Functional Capacity (RFC) to perform light work with further limitations including: frequent bilateral reaching and frequent bilateral handling, fingering, and feeling. AR 18.

The ALJ found that given these restrictions, plaintiff would be precluded from performing any of his past work but could work, instead, as a Cashier II, Storage Facility Rental Clerk, or Marker. AR 23.

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

DISCUSSION

1. **Medical evidence.**

Plaintiff raises only one issue on appeal: whether the ALJ erred in rejecting the medical opinions of Stacy Donlon, MD, and Myrna Palasi, MD. Dkt. 14 at 2–5. Under the 2017 regulations applicable to this case, the Commissioner "will not defer or give

any special evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 1520c(a), 416.920c(a). The ALJ must nevertheless explain how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). This explanation must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Treating physician Dr. Donlon submitted an evaluation of plaintiff's condition on August 4, 2019. AR 563–65. She opined that plaintiff had significant issues with balancing and dexterity, "significant cognitive dysfunction," he had been falling, and that he was unable to meet the demands of sedentary work. *Id.* State agency consultant Dr. Palasi submitted an opinion that plaintiff would be unable to perform any exertional activity, after reviewing Dr. Donlon's assessment and other medical evidence, on September 10, 2019. AR 551–53, 581–82. She confirmed that plaintiff "has severe balance issues, vertigo, cognitive decline, loss of vision," and difficulties with manual dexterity. AR 581–82. She opined that plaintiff had a severe limitation in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and a marked limitation in his ability to perform routine tasks without undue supervision. AR 552.

The ALJ analyzed the two opinions together and found them unpersuasive for two reasons. AR 21–22. First, the ALJ found the opinions were not supported by Dr. Donlon's treatment notes because those notes "not[ed] no relapses with medication." AR 21–22 (citing AR 333–455, 459–505, 583–604). The supportability factor considers how "relevant the objective medical evidence and supporting explanations presented by

a medical source are to support his or her medical opinion(s)." 20 C.F.R. §§ 404.1520c(c)(1); 416.920c(c)(1). An unexplained inconsistency between treatment notes and opined limitations may, then, be a valid reason to reject an opinion.

Here, however, Dr. Donlon's treatment notes are not inconsistent with the opined limitations. There is not substantial evidence in the record that would show an absence of relapses means plaintiff's symptoms and work-related limitations from MS were being effectively managed with medication. Rather, the regulations state that MS varies from person to person; some MS patients still exhibit symptoms – even when not relapsing. *See* 20 C.F.R. § 404, Subpt. P, App. 1., Listing 11.00(N)(1) ("Milder forms [of MS] generally involve acute attacks (exacerbations) with partial or complete recovery from signs and symptoms (remissions). . . . The effects of all forms vary from person to person.").

In this case, Dr. Donlon's treatment notes consistently describe balance issues and abnormal coordination. *See, e.g.*, AR 343, 363, 404–05, 538, 589, 592. She often noted such issues in the same treatment notes in which she said plaintiff had no relapses with medication. *See, e.g.*, AR 407, 538, 592. The absence of relapses is thus not inconsistent with the opinions.

Defendant argues Dr. Donlon never opined that plaintiff's remissions were partial, and so the Court cannot assume they are. Dkt. 19 at 5. But there is no evidence in the record suggesting plaintiff's remissions were complete, and the ALJ made no findings on this matter. The ALJ is responsible for resolving ambiguities in the medical evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Thus, without further explanation

or findings by the ALJ, it was error to reject to the opinions because of the alleged lack of relapses.

Second, the ALJ found the opinions were inconsistent with plaintiff's work activity in 2020. AR 22. Plaintiff worked as a temporary forklift driver until July 1, 2020, the alleged date of onset. AR 41, 259. He testified that he had "to tear the wrapping off" of pallets and load ten-to-fifteen pound "packages by hand." AR 41–42. He testified that he was no longer given temporary staffing assignments after having a muscle spasm while operating a forklift, causing damage to the items on the forklift. AR 42.

In evaluating the consistency factor, an ALJ considers how consistent an opinion is with "evidence from other medical sources and nonmedical sources." 20 C.F.R. §§ 404.1520c(c)(2); 416.920c(c)(2). "An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled." *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (citing *Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992)).

Plaintiff argues that the ALJ's consideration of this work activity was inconsistent with the ALJ's determination that plaintiff had not engaged in substantial gainful activity (SGA) after the alleged onset date. Dkt. 14 at 3–4. But a finding that a claimant is not engaged in SGA does not mean they are incapable of SGA—it only means they have met one threshold determination for being found disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i); 416.920(a)(4)(i). "Even if the work [a claimant has] done was not substantial gainful activity, it may show that [the claimant is] able to do more work than [he or she] actually did." 20 C.F.R. §§ 404.1571; 416.971.

Nevertheless, the ALJ erred in finding that plaintiff's work activity as a forklift driver was inconsistent with Drs. Donlon and Palasi's opinions. There is not substantial

evidence to support a finding that plaintiff's work history contradicts the opined limitations.

Plaintiff testified he was unable to continue his forklift driving work due to a muscle spasm. AR 42. This is consistent with Drs. Donlon and Palasi's opinions that plaintiff has dexterity issues. AR 563–65, 581–82; see also 20 C.F.R. § 404, Subpt. P, App. 1., Listing 11.00(N)(2) (listing "spasms" as potential symptom of multiple sclerosis). "It does not follow from the fact that a claimant tried to work for a short period of time and, because of his impairments, *failed*, that he did not then experience pain and limitations severe enough to preclude him from *maintaining* substantial gainful employment." Lingenfelter v. Astrue, 504 F.3d 1028, 1038 (9th Cir. 2007) (emphasis in original).

Without an explanation of why plaintiff's work history is inconsistent with the opined limitations, the ALJ erred in finding such an inconsistency. The ALJ must explain how they considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). This explanation must be supported by substantial evidence. Woods v. Kijakazi, 32 F.4th 785, 792 (9th Cir. 2022).

Defendant argues that plaintiff's statements seeking work contradict Drs. Donlon and Palasi's opinions. Dkt. 19 at 6. Between November 2020 and January 2021, plaintiff reported he wanted to return to work but could not do so due to transportation issues. AR 397, 400, 415. But seeking work does not necessarily show an ability to perform work. As defendant acknowledges, Dkt. 19 at 6, plaintiff frequently complained of financial troubles in the same appointments in which he said he was seeking work. See

AR 400, 415, 589. He complained of being behind in rent (AR 362, 400) and later testified that he was living out of a hotel after nearly being evicted (AR 43). Where an "individual attempt[s] to work 'only because of extreme economic necessity' . . . it is at least as likely that [he] tried to work in spite of his symptoms, not because they were less severe than alleged." *Lingenfelter*, 504 F.3d at 1039.

The Court therefore finds the ALJ erred in rejecting the opinions of Drs. Donlon and Palasi. An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient and the error is not harmless. *Id* at 1052, 1054; *see also, Carmickle v. Comm'r. Spc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008). Here, the limitations described in the opinions of Drs. Donlon and Palasi, were not included in the hypothetical presented to the V.E.; and they were not included in the residual functional capacity. If the limitations had been included, it would support a finding that plaintiff would not be able to perform the jobs identified by the ALJ. Thus, the error was not harmless.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings, including a de novo hearing; plaintiff should be allowed to present additional evidence, and the Commissioner would be required on remand to reassess the medical opinions of Drs. Donlon and Palasi, and, if appropriate, reevaluate plaintiff's RFC.

Dated this 21st day of November, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge